TORRUELLA, Circuit Judge (concurring).
I write separately to highlight that I join the majority opinion's holding that the United States had jurisdiction to prosecute Sarmiento solely because Sarmiento has conceded that he was aboard "a vessel without nationality" when the Coast Guard apprehended him. As I have previously explained, Congress exceeded its authority under Article I of the Constitution in attempting to extend criminal jurisdiction via the MDLEA to conduct outside of the United States lacking any nexus to the United States and over which the United States does not enjoy universal jurisdiction. See United States v. Cardales-Luna, 632 F.3d 731, 739-42 (Torruella, J., dissenting) (1st Cir. 2011). And while the United States (like all nations) does have universal jurisdiction over stateless vessels, I also reiterate that "the MDLEA's definition of 'statelessness' goes far beyond what is recognized by international customs or convention." Id. at 747 (citing Eugene Kontorovich, Beyond the Article I Horizon: Congress's Enumerated Powers and Universal Jurisdiction over Drug Crimes, 93 Minn. L. Rev. 1191, 1228 (2009) ).
Thus, it is only by virtue of Sarmiento's concession that he was aboard a stateless vessel that I am able to join the panel in concluding that the United States has jurisdiction over crimes taking place aboard a vessel crewed by Dominican and Venezuelan nationals that was stopped by a Dutch warship in international waters in the middle of the Caribbean Sea.